UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LuANN DANGER, on behalf of herself and others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>NEXTEP FUNDING, LLC and MONTEREY FINANCIAL SERVICES, LLC,<br><br>      Defendants. | Civil Action No. 0:18-cv-00567-SRN-LIB<br><br><br>**ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

_____

Mark L. Vavreck, Gonko & Vavreck, PLLC, 401 N. 3rd St., Ste. 600, Minneapolis, MN 55401; James L. Davidson and Jesse S. Johnson, Greenwald Davidson Radbil, PLLC, 7601 N. Federal Hwy., Ste. A-230, Boca Raton, FL 33487, for Plaintiff

Eldon J. Spencer and Thomas C. Atmore, Leonard, O'Brien, Spencer, Gale & Sayre, Ltd., 100 S. 5th St., Ste. 2500, Minneapolis, MN 55402; Bruce N. Menkes, George V. Desh, and Steven L. Baron, Mandell Menkes LLC, 1 N. Franklin St., Ste. 3600, Chicago, IL 60606

_____

SUSAN RICHARD NELSON, United States District Judge

  Counsel appeared before the Court via teleconference on July 16, 2020 for the hearing on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement [Doc. No. 127].

  WHEREAS, this Court has been advised that the parties to this action, LuAnn Danger ("Plaintiff" or "Class Representative") and Nextep Holdings, LLC f/k/a Nextep Funding, LLC ("Defendant"), through their respective counsel, have agreed, subject to Court approval following notice to the Class Members and a hearing, to settle the above-

1

captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement and Release ("Settlement Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Settlement Agreement are hereby incorporated by reference (with capitalized terms as set forth in the Settlement Agreement);

NOW, THEREFORE, based upon the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to this Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on **December 7, 2020, at 9:30 a.m.,** after notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, Defendant will cause, or has caused, to be served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of each state where there is at least one Class Member (defined below).

For purposes of settlement only, and pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Lawsuit is hereby preliminarily certified as a class action on behalf of the following classes of plaintiffs ("Class Members") with respect to the claims asserted in the Lawsuit:

> Nationwide Class: All persons (a) with an address in the United States (b) who signed a Consumer Pet Lease Agreement with Nextep Holdings, LLC f/k/a Nextep Funding, LLC (c) between February 26, 2016 and January 9, 2019 (d) for personal, family, or household purposes.
>
> Minnesota Class: All persons (a) with an address in Minnesota (b) who signed a Consumer Pet Lease Agreement with Nextep Holdings, LLC f/k/a Nextep Funding, LLC (c) between February 26, 2016 and January 9, 2019.

Defendant represents that there are 2,506 potential Nationwide Class Members and 28 Minnesota Class Members, including Plaintiff.

Pursuant to Rule 23, the Court appoints LuAnn Danger as the Class Representative of the Nationwide Class and the Minnesota Class. The Court also appoints Jesse S. Johnson and James L. Davidson of Greenwald Davidson Radbil PLLC as Class Counsel. *See, e.g.*, *Taylor v. TimePayment Corp.*, No. 18-378, 2020 WL 906319 (E.D. Va. Feb. 24, 2020) (appointing Greenwald Davidson Radbil PLLC ("GDR") class counsel in action under the Consumer Leasing Act ("CLA"), Truth in Lending Act, and Virginia usury law); *Sheean v. Convergent Outsourcing, Inc.*, No. 18-11532, 2019 WL 6039921 (E.D. Mich. Nov. 14, 2019) (appointing GDR class counsel for classes under the Telephone Consumer Protection Act ("TCPA") and Fair Debt Collection Practices Act); *Spencer v. #1 A LifeSafer of Ariz., LLC*, No. 18-2225, 2019 WL 1034451 (D. Ariz. Mar. 4, 2019) (appointing GDR class counsel under the CLA); *Knapper v. Cox Commc'ns, Inc.*, 329 F.R.D. 238 (D. Ariz. 2019) (appointing GDR class counsel in TCPA action); *Prater v. Medicredit, Inc.*, No. 14-159, 2015 WL 8331602 (E.D. Mo. Dec. 7, 2015) (appointing GDR class counsel in TCPA action).

For purposes of settlement only, this Court preliminarily finds that the Lawsuit

satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

    A.    The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    B.    There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    C.    The claims of the Plaintiff are typical of the claims of the Class Members;

    D.    Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all Class Members; and

    E.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

*See Henggeler v. Brumbaugh & Quandahl, P.C.*, No. 11-334, 2013 WL 5881422, at *4-5 (D. Neb. Oct. 25, 2013) (approving class action settlement).

This Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of (i) the benefits to the Class Members; (ii) the strengths and weaknesses of Plaintiff's case; (iii) the anticipated complexity, duration, and expense of additional litigation; (iv) the risk and delay inherent in possible appeals; (v) the risk of collecting any judgment obtained on behalf of the Class Members; (vi) the limited amount of any potential total recovery for the Class Members, given the cap on statutory damages for claims brought pursuant to the CLA and TILA; and (vii) the opinion of Class Counsel, who are highly experienced in this area of class action litigation. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 931 (8th Cir. 2005).

4

A third-party class administrator acceptable to the parties will administer the settlement and notification to Class Members. The class administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members. The costs of administration will be paid from the respective class settlement funds. Upon the recommendation of the Parties, this Court hereby appoints the following class administrator: First Class, Inc. *See, e.g.*, *Veness v. Heywood, Cari & Anderson, S.C.*, No. 17-338, 2017 WL 6759382, at *5 (W.D. Wis. Dec. 29, 2017) (appointing First Class, Inc. as class administrator); *Green v. Dressman Benzinger Lavelle, PSC*, No. 14-142, 2014 WL 4816698, at *2 (W.D. Ohio Sept. 18, 2014) (same).

This Court approves the form and substance of the Direct Mail Notices of Class Action Settlement, attached to the Settlement Agreement as Exhibits C and D. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. This Court finds that the proposed notice is clearly designed to advise the Class Members of their rights. In accordance with the Settlement Agreement, the class administrator will mail the notices to the Class Members as expeditiously as possible, but in no event later than 21 days after the Court's entry of this order, *i.e.*, **no later than August 7, 2020**. The class administrator will confirm, and if necessary, update the addresses for the Class Members through standard methodology that the class administrator currently uses to update addresses.

Class Counsel's petition for an award of attorneys' fees and reimbursement of costs and expenses must be filed with the Court within 30 days after the deadline for dissemination of class notice, *i.e.*, **no later than September 8, 2020**.

Any Nationwide Class Member other than Minnesota Class Members who wishes to receive a pro-rata portion of the Nationwide Settlement Fund must send a valid, timely claim form to First Class, Inc. with a postmark date no later than 90 days after the Court's entry of this order, *i.e.*, **no later than October 15, 2020**. Per the Settlement Agreement, Minnesota Class Members need not submit any claim form to participate in the Minnesota Settlement Fund.

Any Class Member who desires to be excluded from either class must send a written request for exclusion to First Class, Inc. with a postmark date no later than 90 days after the Court's entry of this order, *i.e.*, **no later than October 15, 2020**. To be effective, the written request for exclusion must state the Class Member's full name, address, telephone number, and email address (if available), along with a signed statement that the Class Member wishes to be excluded. Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement.

Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 90 days after the Court's entry of this order, *i.e.*, **no later than October 15, 2020**. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, attention: Jesse S. Johnson, Greenwald Davidson Radbil PLLC, 7601 N. Federal Highway, Suite A-

230, Boca Raton, FL 33487; and Counsel for Defendant, Bruce N. Menkes and/or George Desh, Mandell Menkes LLC, One North Franklin Street, Suite 3600, Chicago, Illinois 60606.

To be effective, a notice of intent to object to the Settlement must:

A. Contain a heading which includes the name of the case and case number;

B. Provide the name, address, telephone number, and email address (if available) of the Class Member filing the objection;

C. Be filed with the Clerk of the Court no later than 90 days after the Court preliminarily approves the settlement;

D. Be sent to Class Counsel and counsel for Defendant at the addresses designated in the Notice by first-class mail, postmarked no later than 90 days after the Court preliminarily approves the settlement;

E. Contain the name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the District of Minnesota;

F. Provide documentation establishing that he or she is a Class Member; and

G. Contain a statement of the specific basis for each objection.

Any Class Member who has timely filed an objection may appear at the Final Fairness Hearing, in person or by counsel, to be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the Settlement, and on the application for an award of attorneys' fees, costs, and expenses.

Upon final approval from the Court, and upon the expiration of any available appeal period (or, if an appeal is filed, after the conclusion of such appeal, unless it results in reversal of final approval from the Court), the class administrator will mail a

settlement check to all Minnesota Class Members and to each Nationwide Class Member who submits a valid, timely claim form. Each Minnesota Class Member will receive a pro-rata portion of the $13,700 Minnesota Settlement Fund, after deducting related costs and expenses of class notice and settlement administration. Additionally, each participating Nationwide Settlement Class Member will receive a pro-rata portion of the $33,500 Nationwide Settlement Fund, after deducting related costs and expenses of class notice and settlement administration. In addition to her pro-rata share of the Minnesota Settlement Fund, and separate and apart from that fund, the Class Representative will be paid a total of $3,000 in recognition of her service to the Class Members.

The Court will conduct a hearing on **December 7, 2020, at 9:30 a.m.,** at the United States District Court for the District of Minnesota, Warren E. Burger Federal Building, 316 North Robert Street, St. Paul, Minnesota 55101, to review and rule upon the following issues:

   A.   Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

   B.   Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

   C.   Whether a Final Order and Judgment, as provided under the Settlement Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

   D.   Any other issues as the Court deems appropriate.

Attendance by Class Members at the Final Fairness Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are,

however, required to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

Submissions by the Parties in support of the settlement, including memoranda in support of final approval of the proposed settlement, and responses to any objections, must be filed with the Court no later than 28 days prior to the Final Fairness Hearing, *i.e.*, **no later than November 9, 2020**. Opposition briefs to any of the foregoing must be filed no later than 14 days prior to the Final Fairness Hearing, *i.e.*, **no later than November 23, 2020**. Reply memoranda in support of the foregoing must be filed with the Court no later than 7 days prior to the Final Fairness Hearing, *i.e.*, **no later than November 30, 2020**.

The Settlement Agreement and this Order will be null and void if any of the following occur:

    A.    The Settlement Agreement is terminated by any of the Parties for cause, or any specified material condition to the settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

    B.    The Court rejects any material component of the Settlement Agreement, including any amendments thereto approved by the parties; or

    C.    The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

If the Settlement Agreement and/or this order are voided, then the Settlement Agreement will be of no force and effect, and the Parties' rights and defenses will be

restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this order never entered.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

The Court sets the following schedule:

| **Date** | **Event** |
| --- | --- |
| July 17, 2020 | Preliminary Approval Order Entered |
| August 7, 2020 | Direct Mail Notice Sent (21 days after Preliminary Approval Order entered) |
| September 8, 2020 | Filing of Class Counsel's Petition for Attorneys' Fees, Costs, and Expenses (30 days after Direct Mail Notice sent) |
| October 15, 2020 | Deadline to Submit Claim Form, Send Exclusion, or File Objection (90 days after Preliminary Approval Order entered) |
| November 9, 2020 | Filing of Motion for Final Approval and Responses to Any Objections (28 days before Final Fairness Hearing) |
| November 23, 2020 | Opposition, if any, to Final Approval (14 days before Final Fairness Hearing) |
| November 30, 2020 | Reply in support of Final Approval (7 days before Final Fairness Hearing) |
| December 7, 2020 | Final Fairness Hearing Held |

Accordingly, as set forth above, Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement [Doc. No. 127] is **GRANTED**.

IT IS SO ORDERED.

DATED:  July 17, 2020

s/Susan Richard Nelson  
Susan Richard Nelson  
United States District Judge