UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LuANN DANGER, on behalf of herself and others similarly situated,<br><br>              Plaintiff,<br><br>  v.<br><br>NEXTEP FUNDING, LLC and MONTEREY FINANCIAL SERVICES, LLC,<br><br>              Defendants. | Civil Action No. 0:18-cv-00567-SRN-LIB<br><br>**ORDER FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, INCENTIVE AWARD, AND ATTORNEYS' FEES** |

_____

Jesse S. Johnson and James L. Davidson, Greenwald Davidson Radbil PLLC, 7601 N. Federal Hwy., Suite A-230, Boca Raton, FL 33487; Mark Vavreck, Gonko & Vavreck, PLLC, 401 N. 3rd St., Ste. 600, Minneapolis, MN 55401, for Plaintiffs

Bruce N. Menkes, George V. Desh, and Steve Baron, Mandell Menkes LLC, 1 North Franklin St., Ste. 3600, Chicago, IL 60606; Thomas C. Atmore and Eldon J. Spencer, Jr., Leonard, O'Brien, Spencer, Gale & Sayre, Ltd., 100 S. 5th St., Ste. 2500, Minneapolis, MN 55402, for Defendant Nextep Funding, LLC

_____

SUSAN RICHARD NELSON, United States District Judge

Before the Court are Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement [Doc. No. 143], and Plaintiff's Unopposed Motion for Approval of an Incentive Award and an Award of Attorneys' Fees, Costs, and Expenses [Doc. No. 137]. On December 7, 2020, the Court conducted a fairness hearing, via videoconference, to independently evaluate the fairness of the settlement, and to consider the two unopposed motions. Jesse Johnson and Mark Vavreck appeared on behalf of LuAnn Danger ("Plaintiff"), and Bruce Menkes and Thomas Atmore appeared on behalf of Nextep

1

Holdings, LLC f/k/a Nextep Funding, LLC ("Defendant").[1]

On June 12, 2020, Plaintiff filed her unopposed motion to preliminarily approve the Parties' proposed class settlement.

On June 22, 2020, Defendant caused to be served on the appropriate authorities the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715.

On July 17, 2020, this Court preliminarily approved the Parties' proposed settlement.

On August 7, 2020, First Class, Inc. distributed notice of the Parties' proposed class settlement, as ordered.

On November 9, 2020, Plaintiff filed her unopposed motion [Doc. No. 143] to finally approve the Parties' proposed settlement.

Having considered Plaintiff's unopposed motion, this Court finally approves the proposed settlement.

This Court also confirms that it has jurisdiction over this matter and the parties to it.

This Court confirms its certification the following classes, for settlement purposes only, under Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> Nationwide Class: All persons (a) with an address in the United States (b) who signed a Consumer Pet Lease Agreement with Nextep Holdings, LLC f/k/a Nextep Funding, LLC (c) between February 26, 2016 and January 9, 2019 (d) for personal, family, or household purposes.
>
> Minnesota Class: All persons (a) with an address in Minnesota (b) who

---

[1] In October 2019, pursuant to a stipulation, the Court ordered the dismissal of claims against Defendant Monterey Financial Services LLC [Doc. No. 97].

2

signed a Consumer Pet Lease Agreement with Nextep Holdings, LLC f/k/a Nextep Funding, LLC (c) between February 26, 2016 and January 9, 2019.

There are approximately 2,454 potential Nationwide Class Members and 28 Minnesota Class Members, including Plaintiff.

For purposes of the proposed settlement agreement, this Court finds that this matter meets the applicable prerequisites for class action treatment under Rule 23, namely:

1. The Class Members are so numerous that joinder of all of them is impracticable;

2. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

3. Plaintiff's claims are typical of the Class Members' claims;

4. Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

5. Class treatment of Plaintiff's claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

*See Henggeler v. Brumbaugh & Quandahl, P.C.*, No. 11-334, 2013 WL 5881422, at *4-5 (D. Neb. Oct. 25, 2013) (approving class action settlement).

This Court confirms its appointments of LuAnn Danger as class representative for the classes, and the following attorneys and law firm as Class Counsel for Class Members:

    James L. Davidson
    Jesse S. Johnson
    Greenwald Davidson Radbil PLLC
    7601 N. Federal Highway, Suite A-230
    Boca Raton, Florida 33487

*See, e.g.*, *Taylor v. TimePayment Corp.*, No. 18-378, 2020 WL 906319 (E.D. Va. Feb. 24, 2020) (appointing Greenwald Davidson Radbil PLLC ("GDR") class counsel in action under the Consumer Leasing Act ("CLA"), Truth in Lending Act, and Virginia usury law); *Sheean v. Convergent Outsourcing, Inc.*, No. 18-11532, 2019 WL 6039921 (E.D. Mich. Nov. 14, 2019) (appointing GDR class counsel for classes under the Telephone Consumer Protection Act ("TCPA") and Fair Debt Collection Practices Act); *Spencer v. #1 A LifeSafer of Ariz., LLC*, No. 18-2225, 2019 WL 1034451 (D. Ariz. Mar. 4, 2019) (appointing GDR class counsel under the CLA); *Knapper v. Cox Commc'ns, Inc.*, 329 F.R.D. 238 (D. Ariz. 2019) (appointing GDR class counsel in TCPA action); *Prater v. Medicredit, Inc.*, No. 14-159, 2015 WL 8331602 (E.D. Mo. Dec. 7, 2015) (appointing GDR class counsel in TCPA action).

This Court approves the terms of the Parties' settlement, the material terms of which include, but are not limited to:

1. The creation of a class settlement fund for the benefit of Nationwide Class Members other than Minnesota Class Members, in the amount of $33,500 ("Nationwide Settlement Fund"), which will be distributed on a pro-rata basis to each Nationwide Class Member who submitted a valid, timely claim form, after deducting related costs and expenses for class notice and settlement administration.

2. The creation of a class settlement fund for the benefit of Minnesota Class Members, in the amount of $13,700 ("Minnesota Settlement Fund"), which will be distributed on a pro-rata basis to each Minnesota Class Member who does not exclude himself or herself, after deducting related costs and expenses for class notice and settlement administration.

3. In addition to her pro-rata share of the Minnesota Settlement Fund, Plaintiff will be paid a total of $3,000, separate from either settlement fund, in recognition of her service to all Class Members.

4

This Court additionally finds that the Parties' notice of class action settlement, and the distribution thereof, satisfied the requirements of due process under the Constitution and Rule 23(e), that it was the best practicable notice under the circumstances, and that it constitutes due and sufficient notice to all persons entitled to notice of class action settlement. *Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 479 (D. Md. 2014) ("Under the circumstances of this case, when all class members are known in advance, the Court finds that the method of direct mail notice to each class member's last known address—and a second notice if the first was returned as undeliverable—was the best practicable notice.").

This Court similarly finds that the Parties' notice of class action settlement was adequate and gave all Class Members sufficient information to enable them to make informed decisions as to the Parties' proposed settlement, and the right to object to, or opt out of, it.

This Court additionally finds that Plaintiff's and Defendant's settlement, on the terms and conditions set forth in their class action settlement agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class Members.

This Court finds that the Class Members were given a fair and reasonable opportunity to object to the settlement. No members of the Nationwide Class or Minnesota Class objected to the settlement. Nor did any Class Members request to be excluded from the settlement.

This order thus is binding on all Class Members.

This Court approves the individual and class releases set forth in the class action

settlement agreement and release. The released claims are consequently compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

This Court awards a total of $199,800 for Class Counsel's attorneys' fees and reimbursement of costs and litigation expenses, which the Court finds is fair and reasonable given Class Counsel's significant efforts in this matter, the results obtained for Plaintiff and all Class Members, and the risks inherent in the contingent nature of Class Counsel's fee agreement with Plaintiff.

Therefore, based on the submissions and the entire file and proceedings herein**, IT IS HEREBY ORDERED that:**

1. Plaintiff's Unopposed Motion for Approval of an Incentive Award and an Award of Attorneys' Fees, Costs, and Expenses [Doc. No. 137] is **GRANTED**;

2. Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement [Doc. No. 143] is **GRANTED**; and

3. This action against Defendant Nextep Holdings, LLC f/k/a Nextep Funding, LLC is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: December 7, 2020　　　　　　　　　　　s/Susan Richard Nelson
　　　　　　　　　　　　　　　　　　　　　　Susan Richard Nelson
　　　　　　　　　　　　　　　　　　　　　　United States District Judge